UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTA SMITH, | ) |
|  Plaintiff, | ) No. C13-1573RSL |
| v. | ) |
| GREEN TREE SERVICING, LLC, | ) ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
|  Defendant. | ) |

This matter comes before the Court on plaintiff's "Motion for Summary Judgment." Dkt. # 12. Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). Having reviewed the memoranda, declarations, and exhibits submitted by the parties[1] and taking the evidence in the light most favorable to Green Tree Servicing, LLC, the Court finds as follows:

## BACKGROUND

On October 31, 2003, Lon and Jacqueline McClellan transferred a piece of real property in Battleground, Washington, to Christopher A. Smith as part of a 1031 IRS exchange.

---

[1] This matter can be decided on the papers submitted. Plaintiff's request for oral argument is DENIED.

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

Decl. of Lauren Humphreys (Dkt. # 16), Ex. 1. On the same date, plaintiff Christa Smith conveyed all of her interest in the property to her then-husband, Christopher, "to separate community interest to fulfill a lender requirement." Id., Ex. 2. In November 2004, Mr. Smith applied for a residential loan on the property, identifying himself as the "sole owner." Decl. of Jim Grantham (Dkt. # 17), Ex. B. Bank of America, N.A., agreed to lend Mr. Smith $333,700. He signed a promissory note and a deed of trust, both of which identified Mr. Smith as the borrower. Id., Exs. A and C. Ms. Smith had no role in the transaction.

On June 11, 2007, the Superior Court of Clark County entered a dissolution decree dissolving the marriage and awarding the property to Ms. Smith. Decl. of Audrey L. Udashen (Dkt. # 12-2), Exs. A and D. Because Mr. Smith refused to convey the property to his ex-wife, the Court appointed an attorney to sign on his behalf and a quit claim deed in Ms. Smith's favor was recorded on August 2, 2007. Decl. of Lauren Humphreys (Dkt. # 16), Ex. 5. Mr. Smith failed to meet his obligations under the dissolution decree, and Ms. Smith has been unable to locate him even with the help of a private investigator. There has apparently been no activity associated with Mr. Smith's social security number and he has not filed a tax return since 2007. Ms. Smith presumes that he is dead. Decl. of Christa Smith (Dkt. # 12-2) at ¶¶ 8-9 and 14.

After the divorce, Ms. Smith made all payments on the loan. In November 2011, she contacted Bank of America, notifying it of the divorce and that Mr. Smith had disappeared. Ms. Smith requested that she be identified as a borrower on the mortgage. Decl. of Jim Grantham (Dkt. # 17), Ex. E. There is no indication that Bank of America responded or that Ms. Smith followed up on her request. In November 2012, defendant Green Tree Servicing, LLC, sent a notice to Mr. Smith at the Battleground property notifying him that it had taken over the servicing of his mortgage loan. Decl. of Jim Grantham (Dkt. # 17), Ex. D. In December 2012, plaintiff arranged to set up an automatic payment schedule for the loan. While Green Tree was willing to accept payments, it would not provide information regarding the loan because Ms. Smith was not the borrower. Ms. Smith cancelled the payment that was scheduled for February

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT            -2-

28, 2013, and has not made any further payments. Id. at ¶¶ 10-11.

Ms. Smith requested a loan modification in early 2013 in the hopes of reducing her monthly payments, but was told that only the borrower could apply for a modification and that she would need Mr. Smith's participation in order to assume the loan. Decl. of Christa Smith (Dkt. # 12-2) at ¶ 13. In May 2013, plaintiff's counsel contacted Green Tree, asserting that the refusal to allow Ms. Smith to assume the loan and seek modification violated the Garn - St. Germain Depository Institutions Act of 1982 and contradicted applicable loan servicing guidelines. Decl. of Jim Grantham (Dkt. # 17), Ex. F. Green Tree denied violating any applicable laws or guidelines and reiterated that Ms. Smith is not a party to the loan documents and that only Mr. Smith, as the obligor, could seek a modification. Green Tree also declared that the loan cannot be assumed. Decl. of Jim Grantham (Dkt. # 17), Ex. G.

Ms. Smith filed this lawsuit on July 18, 2013, in state court. She now seeks a summary determination that (a) she is a "borrower" on the loan, entitled to all of the statutory rights, privileges, and protections as if she were identified as a "borrower" on the promissory note and/or deed of trust, (b) Green Tree has violated the Garn - St. Germain Depository Institutions Act, (c) Green Tree is estopped from refusing to recognize Ms. Smith as a borrower on the loan, and (d) Green Tree has violated the Washington Consumer Protection Act.

## DISCUSSION

### A. "BORROWER"

Although there is a presumption that property acquired during a marriage in Washington State is a community asset or liability, the presumption can be rebutted by proof that separate funds or assets were used. Finley v. Finley, 47 Wn.2d 307, 312 (1955). The evidence in this case is clear that Mr. Smith obtained the loan at issue using his separate property to secure the credit. Because Ms. Smith had quit claimed any interest she had in the Battleground property to Mr. Smith in 2003, he had sufficient separate property to secure an individual loan: neither Ms. Smith's signature nor any asset in which she had an individual or community interest

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT            -3-

was necessary to obtain the loan.

Under Washington law, the later transfer of the property to Ms. Smith - as occurred in the dissolution proceeding - did not undo or alter the pre-existing encumbrance. Snohomish County v. Hawkins, 121 Wn. App. 505 (2004). Thus, Ms. Smith took the property subject to the existing mortgage. Pursuant to the contract that governed the loan, Mr. Smith remained legally obligated for the payments. While Ms. Smith was (and apparently remains) free to make payments on the promissory note, as far as the lender is concerned, those payments were made on behalf of Mr. Smith, the borrower. Simply making payments on the note did not amend the note or deed or trust or otherwise make Ms. Smith the "borrower."

**B. GARN - ST. GERMAIN DEPOSITORY INSTITUTIONS ACT, 12 U.S.C. § 1701j-3**

Contrary to plaintiff's unsupported assertions, Green Tree did not accelerate the loan or otherwise declare the loan due and payable when the property was transferred to Ms. Smith in 2007. The loan remained exactly as it was until Ms. Smith stopped making payments five years later. It was the failure to pay amounts as they became due that placed the loan in default, not the transfer to a spouse as part of the divorce decree. Plaintiff has not alleged facts that could support a finding that 12 U.S.C. § 1701j03(d)(7) was violated.

**C. ESTOPPEL**

Plaintiff has not identified any statement or conduct on Green Tree's part that is inconsistent with its position that Mr. Smith, not Ms. Smith, is the borrower obligated on the loan documents. Simply accepting payment from a third-party is not a determination or acknowledgment that the person is a "borrower" or otherwise individually liable for the debt. Green Tree never indicated that it would treat Ms. Smith as the obligor, and she could not reasonably presume that it would. In fact, the record shows that Ms. Smith was aware that she did not hold "borrower" status: all correspondence regarding the servicing of the loan was addressed to Mr. Smith, Ms. Smith affirmatively but unsuccessfully attempted to alter the loan documents to formalize her interest in the loan, and Green Tree specifically informed Ms. Smith

ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT         -4-

that it did not recognize her as the "borrower."  Plaintiff has not established the elements of an estoppel claim.

**D.  WASHINGTON CONSUMER PROTECTION ACT ("CPA"), RCW 19.86.010 ET SEQ.**

There being no obligation under Washington law to amend loan documents upon the transfer of real property in a divorce decree, plaintiff has failed to identify an unfair or deceptive act that could support her CPA claim.

For all of the foregoing reasons, plaintiff's motion for summary judgment is DENIED.

Dated this 28th day of March, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge